■ SHEILA M. BYRNES et al., Appellants, v HERTZ CORPORATION et al., Respondents. [718 NYS2d 754] —Order unanimously reversed on the law with costs, motion denied and complaint reinstated. Memorandum: Plaintiffs commenced this action to recover damages for injuries allegedly sustained by Sheila M. Byrnes (plaintiff) in an automobile accident. Supreme Court erred in granting defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). With respect to plaintiffs' allegation that plaintiff suffered a serious injury under the "90-out-of-180-day rule" (*Gaddy v Eyler,* 79 NY2d 955, 958), defendants met their initial burden of establishing as a matter of law that plaintiff was not prevented from performing substantially all of the material acts that constituted her usual and customary daily activities for more than 90 days during the 180 days immediately following the accident, and plaintiffs failed to raise a triable issue of fact (*see, Licari v Elliott,* 57 NY2d 230, 236; *Borino v Little,* 273 AD2d 262). Defendants, however, failed to establish as a matter of law that the alleged injuries to plaintiff's thumb and knee did not result in a permanent consequential limitation of use of a body organ or member or a significant limitation of use of a body function or system (*see, Thomas v Hulslander,* 233 AD2d 567; *see also, Hawkins v Forshee,* 245 AD2d 1091). Because defendants failed to meet their initial burden with respect to those categories of serious injury, we do not consider the sufficiency of plaintiffs' opposing papers with respect to those categories (*see, Ayotte v Gervasio,* 81 NY2d 1062, 1063). (Appeal from Order of Supreme Court, Onondaga County, Tormey, III, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Hayes, Wisner and Lawton, JJ.