■ KATRINA GJELAJ, Appellant, v EDMOND J. LUDDE et al., Respondents. (And a Third-Party Action.) [721 NYS2d 643] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered January 12, 2000, which granted defendants' motions for summary judgment dismissing the complaint for lack of a serious injury as required by Insurance Law § 5102 (d), unanimously affirmed, without costs.

Viewed against the six-month old findings of defendants' orthopedist to the effect that plaintiff sustained cervical and low back sprains that had fully resolved, plaintiff's chiropractor's affidavit is inadequate to raise an issue of fact as to whether plaintiff sustained a significant limitation or permanent consequential limitation of use of a body organ, member, function or system, since it does not specify the degree of limita-

tion or restriction caused by the alleged spinal injuries (*see, Bandoian v Bernstein*, 254 AD2d 205). Further, plaintiff's proof also suffers from the defect that it is based on examinations performed more than two years earlier and an unsworn MRI report that was prepared nearly five years before by a physician no longer treating plaintiff (*see id.*). Nor do the affidavits of plaintiff's chiropractor and neurologist/psychiatrist raise an issue of fact as to whether, due to a medically determined injury or impairment, plaintiff was unable to perform substantially all of her usual and customary daily activities as a housewife or homemaker for not less than 90 days during the 180 days immediately following the accident. The psychiatrist's affidavit, while perhaps sufficient to raise an issue of fact as to whether plaintiff has been suffering from depression since the accident, simply does not address the issue of plaintiff's alleged inability to function in her usual manner following the accident, and the chiropractor's assertion that plaintiff's spinal injuries have rendered her unable to perform her household duties is unavailing since, as above indicated, his affidavit fails to indicate the extent of any medically determined injury or impairment (*see, Sigona v New York City Tr. Auth.*, 255 AD2d 231). Without more, plaintiff's affidavit and deposition testimony and the affidavit of her daughter, all to the effect that plaintiff has been unable to perform household chores since the accident, must be viewed as insufficient to establish a serious injury within the meaning of the statute (*compare, Turchuk v Town of Wallkill*, 255 AD2d 576, *with Williams v Omera*, 190 AD2d 618). Concur—Nardelli, J. P., Williams, Tom, Lerner and Rubin, JJ.