■ LEONARD A. FINNING et al., Plaintiffs, v NIAGARA MO-HAWK POWER CORPORATION, Appellant, and NATIONWIDE IN-SURANCE COMPANIES et al., Respondents. [722 NYS2d 613] —Mug-glin, J. Appeal from an order of the Supreme Court (Moynihan, Jr., J.), entered July 13, 2000 in Washington County, which denied a motion by defendant Niagara Mohawk Power Corpora-tion to sever the action against it from that of the remaining defendants.

Plaintiffs instituted this action to recover damages for the destruction, by fire, of their residence and its contents and for personal injuries. With respect to defendant Niagara Mohawk Power Corporation (hereinafter NiMo), plaintiffs alleged that it negligently caused the fire by furnishing excessive electricity and exacerbated the damage by delay in cutting electrical ser-vice during firefighting efforts, resulting in the property loss claims and personal injuries of a mental or emotional nature.

Defendants Nationwide Insurance Companies and Nation-wide Mutual Fire Insurance Company (hereinafter collectively referred to as Nationwide) provided a residential fire policy for plaintiffs. Plaintiffs assert that Nationwide breached its contract by failing to pay the full extent of the loss and that it dealt in bad faith. Additionally, plaintiff Leonard A. Finning alleges emotional as well as physical injuries (related to his heart and circulatory systems) directly resulting from the man-ner in which Nationwide handled the fire loss claim. Following service of the respective answers, in which defendants asserted cross claims,* NiMo sought severance of the claims against it pursuant to CPLR 603, contending that the claims arose at dif-ferent times and involve different facts and legal principles and that, without severance, it would suffer prejudice from the injection of the insurance issue before the jury. This motion was denied and NiMo appeals.

Severance, under CPLR 603, is a matter of judicial discre-tion which will not be disturbed on appeal absent an abuse of discretion or prejudice to a substantial right of the party seek-ing severance (see, DeCongilio v Greenman, 125 AD2d 535; County of Chenango Indus. Dev. Agency v Lockwood Greene Engrs., 111 AD2d 508, 509). We conclude from our review of the record that NiMo has failed to satisfy its burden of establishing the existence of either ground. The negligence

* It appears from a postargument submission that Supreme Court has now dismissed plaintiffs' personal injury claims against Nationwide, NiMo's cross claim against Nationwide based thereon, and certain personal property loss claims asserted against Nationwide. As a result, Supreme Court further determined that NiMo's cross claim against Nationwide was moot.

claim against NiMo and the breach of contract claim against Nationwide both involve the common issue of the extent of the loss of the residence, and separate trials could result in inconsistent verdicts. Thus, we find no abuse of discretion.

Likewise, we find no prejudice to NiMo from the existence of the insurance issue. NiMo's reliance on *Kelly v Yannotti* (4 NY2d 603) and *Krieger v Insurance Co.* (66 AD2d 1025) is misplaced. In both of these cases, actions against the *defendants'* liability carrier were severed to avoid the obvious resultant prejudice during the trial of the plaintiffs' personal injury actions. Here, Nationwide is the *plaintiffs'* fire insurance carrier. Under these circumstances, NiMo has failed to demonstrate how lack of a severance is prejudicial. There is no evidence that the issues are so complex as to preclude resolution by one jury.

Cardona, P. J., Mercure, Crew III and Spain, JJ., concur. Ordered that the order is affirmed, with costs.