■ LORRAINE SOUTHWORTH et al., Appellants, v MICHAEL MACKO et al., Respondents. [741 NYS2d 813] —Appeal from an order of Supreme Court, Onondaga County (Murphy, J.), entered March 8, 2001, which granted the severance motion of defendant Michael Macko.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law with costs and the motion is denied.

Memorandum: Lorraine Southworth (plaintiff) was injured while driving a vehicle that was rear-ended by a vehicle owned and operated by defendant Michael Macko. Plaintiff and her husband commenced this action against Macko and plaintiff's insurance carrier, defendant State Farm Insurance Company (State Farm), alleging that Macko was negligent and that State Farm breached its contract with plaintiff by failing to pay benefits on the claim filed as a result of the accident. Supreme Court granted that part of a prior motion by plaintiffs seeking summary judgment against Macko with respect to the issue of negligence and denied that part of the motion with respect to the issues of proximate cause and serious injury. No appeal was taken from that order.

Macko thereafter moved to sever the causes of action against him from those against State Farm, and State Farm supported that motion. We agree with plaintiffs that the court abused its discretion in granting the motion for severance. "Severance, under CPLR 603, is a matter of judicial discretion which will not be disturbed on appeal absent an abuse of discretion or

prejudice to a substantial right of the party seeking severance" (*Finning v Niagara Mohawk Power Corp.*, 281 AD2d 844, 844). Generally, "[t]he injection of the issue of insurance in [a] negligence case * * * is inherently prejudicial and should be avoided" (*Krieger v Insurance Co. of N. Am.*, 66 AD2d 1025, 1026). Here, however, the danger of prejudice with respect to evidence of insurance does not exist because this is an action against plaintiff's own insurance company and a tortfeasor where the negligence of the tortfeasor has already been established (*see Finning*, 281 AD2d at 845; *cf. Kelly v Yannotti*, 4 NY2d 603, 607-608, *rearg denied* 5 NY2d 793; *Krieger*, 66 AD2d at 1026). In addition, there is an identical issue with respect to both defendants, i.e., whether plaintiff sustained a serious injury as a result of the accident, and "separate trials could result in inconsistent verdicts" (*Finning*, 281 AD2d at 845). Furthermore, the witnesses expected to testify with respect to that issue will be the same for both Macko and State Farm because Macko relies solely on the physical examinations performed by the physicians retained by State Farm. We therefore conclude on the facts of this case that the court abused its discretion in granting Macko's motion for severance. Present—Pine, J.P., Hurlbutt, Burns, Gorski and Lawton, JJ.