■ MELISSA ANDERSON et al., Respondents, v VARINDER SINGH et al., Defendants, and FIRST FLORIDIAN AUTO & HOME INSURANCE COMPANY, Appellant. (And a Third-Party Action.) [759 NYS2d 683] —In an action to recover damages for breach of an insurance policy and for personal injuries, etc., the defendant First Floridian Auto & Home Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Schmidt, J.), dated April 19, 2002, as denied that branch of its motion which was to sever the causes of action asserted against it.

Ordered that the order is modified, on the law and as a matter of discretion, by deleting the provision thereof denying that branch of the motion which was to sever the causes of action asserted against the appellant at the damages phase of the trial, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

While the determination of whether to grant a motion for severance pursuant to CPLR 603 is a matter of judicial discretion (*see McCrimmon v County of Nassau,* 302 AD2d 372 [2003]; *Finning v Niagara Mohawk Power Corp.,* 281 AD2d 844 [2001]), under the circumstances of this case, based upon a showing of prejudice to the appellant by a joint trial on damages, the Supreme Court improvidently exercised its discretion

in denying that branch of the appellant's motion which was to sever the causes of action asserted against the appellant at the damages phase of the trial.

The appellant's remaining contention is without merit. Feuerstein, J.P., Smith, H. Miller and Townes, JJ., concur.