JULIO MEDINA-SANTIAGO, Appellant, v SAMUEL NOJOVITS et al., Respondents. [773 NYS2d 294]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered December 16, 2002, which granted defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff did not suffer a serious injury under Insurance Law § 5102 (d), unanimously affirmed, without costs.

While the September 2002 affirmation of plaintiff's treating physician quantifies plaintiff's loss of range of motion and opines that plaintiff sustained a significant limitation of use and function of his neck, back and upper/lower extremities as a result of the October 1999 accident, the doctor's opinion is based on examinations conducted in late 1999 and early 2000, at least 2½ years earlier. The passage of time between the doctor's findings and her affirmation, with no indication of any further examination, follow-up or course of treatment, renders plaintiff's medical evidence stale and inadequate to establish a serious injury (see Velez v Cohan, 203 AD2d 156, 157-158 [1994]). This is particularly true when the affirmation is viewed against the report of defendants' orthopedist, whose examination, performed two years after the examination of plaintiff's treating physician, indicates that the limitations found by plaintiff's doctor had

disappeared, and who opines that plaintiff had sustained cervical, lumbar and right knee sprains that had fully resolved (*see Gjelaj v Ludde,* 281 AD2d 211 [2001]). While the MRIs reveal that plaintiff had herniated and bulging discs, the opinion of defendants' radiologist that such conditions are degenerative in origin was not disputed by plaintiff's radiologist.

The record also lacks evidence raising an issue of fact as to whether, due to a medically determined injury or impairment, plaintiff was unable to perform substantially all of his usual and customary daily activities for at least 90 of the 180 days following his accident. Plaintiff did not submit an affidavit attesting to the impact of his injuries upon his recreational, personal or home life, and his deposition testimony that he was unable to return to work for four weeks and was confined to his home for two months falls short of establishing the statutory threshold (*see Sherlock v Smith,* 273 AD2d 95 [2000]). Additionally, the affirmation of plaintiff's treating physician does not address plaintiff's alleged inability to function in his usual manner following the accident (*see Gjelaj,* 281 AD2d at 212). Concur—Nardelli, J.P., Mazzarelli, Friedman and Gonzalez, JJ.