■ SANDRA HERNANDEZ et al., Respondents, v RUBEN LOPEZ et al., Appellants. [780 NYS2d 583]—

Order, Supreme Court, Bronx County (Jerry L. Crispino, J.), entered May 6, 2003, which, to the extent appealed from as limited by the briefs, denied the consolidated motions of defendants-appellants for summary judgment dismissing the complaint and denied that part of the motion of defendants Suarez and Lopez for summary judgment dismissing the cross claim of defendants Uwasomba and Olympia Limousine, unanimously reversed, on the law, without costs, the motions granted in their entirety and the complaint and cross claim dismissed. The Clerk is directed to enter judgment accordingly.

In this action arising from an automobile accident on May 7, 2000, in which the car driven by defendant Lopez and owned by defendant Suarez, in which plaintiffs were rear seat passengers, collided with a car driven by defendant and cross-claimant Uwasomba and owned by defendant and cross-claimant Olympia Limousine as it made a left hand turn into the path of oncoming traffic, defendants-appellants met their burden of establishing through the reports of their medical experts that none of the plaintiffs had sustained a serious injury within the meaning of Insurance Law § 5102 (d). In response, plaintiffs failed to

present sufficient objective evidence to overcome those reports. The opinion as to permanence and significance of their nontreating medical expert, Dr. Hausknecht, based upon his examinations of them on September 27, 2002, was conclusory and speculative, and seemingly tailored to meet the statutory definition (*see Taylor v Gin Cabel Trucking*, 7 AD3d 272 [2004]; *Arjona v Calcano*, 7 AD3d 279 [2004]).

As to the cross claim of defendants Uwasomba and Olympia Limousine against defendants Lopez and Suarez on the issue of liability, the evidence in support of the motion for summary judgment dismissing such cross claim established that Lopez was proceeding northbound on Amsterdam Avenue through the 181st Street intersection with a green light when the car driven by Uwasomba, which was proceeding in the opposite direction and attempting to make a left turn into the intersection, crossed the median double yellow lines and pulled into his path. The burden of proof then shifted to the cross-claimants, and their speculation as to whether the Lopez car was in the intersection or whether Lopez was inattentive or otherwise failed to yield to Uwasomba or otherwise avoid the accident is unsupported by any evidence and thus insufficient to raise issues of fact as to liability so as to defeat the motion for summary judgment. Concur—Buckley, P.J., Nardelli, Andrias, Williams and Gonzalez, JJ.