(November 18, 2004)

■ SUNDAY ORIBAMIE, Respondent, v SANTOS SANTIAGO et al., Appellants. [784 NYS2d 556]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, J.), entered October 14, 2003, which denied defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff failed to meet the serious injury threshold of Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

Plaintiff's submissions in response to defendants' motion for summary judgment are insufficient to raise a triable issue of fact as to whether he suffered permanent loss of use or permanent consequential limitation of use of a body organ, member or function, or impairment in his daily activities for 90 days in the 180-day period following the accident (Insurance Law § 5102 [d]). Both the report and the affirmation of the examining physician fail to present objective medical evidence to support the physician's conclusions (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 353 [2002]). The report stating that plaintiff has decreased range of motion in his right shoulder and arm sets forth no basis for these findings other than plaintiff's subjective complaints of pain. The affirmation, which states that the damage to plaintiff's shoulder resulted in "a marked decrease in range of motion, flexibility, rotation and maneuverability," that plaintiff's "everyday activities have been severely limited," and that plaintiff "has been rendered permanently disabled," does not specify the degree of plaintiff's limitation or restriction, identify the diagnostic tests the physician conducted to reach

these conclusions, or describe the "everyday activities" in which plaintiff has been limited (*see id.*). Concur—Buckley, P.J., Mazzarelli, Ellerin and Gonzalez, JJ.