■ LAURA MUNOZ, Respondent, v JOHN HOLLINGSWORTH et al., Appellants. [795 NYS2d 20]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered November 5, 2003, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment seeking dismissal of the complaint on

the ground that plaintiff failed to meet the serious injury threshold of Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Plaintiff was injured in January 2001 when the car she was driving was struck by a bus owned by defendant Transit Authority and operated by defendant Hollingsworth. She alleges injuries to her neck, lower back and left shoulder as a result of the accident, and that these injuries constitute a "permanent consequential limitation" and a "significant limitation" of her cervical and lumbosacral spine (Insurance Law § 5102 [d]).

On the instant motion for summary judgment, defendants met their initial burden of making a prima facie showing that plaintiff's claimed injuries were not serious, as defined in the Insurance Law (*Brown v Achy*, 9 AD3d 30, 31 [2004]). Upon a physical examination of plaintiff and a review of her postaccident medical reports, including MRIs of the cervical and lumbar spine, defendants' expert orthopedist concluded plaintiff had "completely recovered" from any soft tissue injuries that may have occurred as a result of the accident, and no objective findings substantiated plaintiff's current subjective complaints of pain and limitations.

In response to defendants' prima facie showing, plaintiff's submissions failed to raise a triable issue of fact on the issue of serious injury (*Shaw v Looking Glass Assoc., LP*, 8 AD3d 100, 102-103 [2004]). Plaintiff's own affidavit relates only subjective complaints of pain and limitations and, as such, is insufficient to raise a triable issue of fact (*id.* at 103). More significantly, the affirmation of plaintiff's medical expert was totally bereft of any objective medical evidence to correlate the MRI findings to plaintiff's claimed limitations (*see Oribamie v Santiago*, 12 AD3d 250 [2004]; *cf. Newcomb v Leslie*, 300 AD2d 92 [2002]). Although the affidavit asserts that the expert's findings "are confirmed by objective medical testing and physical examination," it is completely silent with respect to any description of the nature of those tests (*Oribamie v Santiago*, 12 AD3d 250 [2004], *supra*). In the absence of such evidence, plaintiff's medical affidavit can only be deemed conclusory and apparently tailored to meet the statutory requirements (*see Simms v APA Truck Leasing Corp.*, 14 AD3d 322 [2005]; *Hernandez v Lopez*, 9 AD3d 300 [2004]). Concur—Mazzarelli, J.P., Sullivan, Ellerin, Gonzalez and Sweeny, JJ.