■ Modesta Perez, Respondent, v Guy Hilarion et al., Appellants, et al., Defendants. [828 NYS2d 376]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered July 18, 2006, which, to the extent appealed from, granted plaintiff's motion for reargument of a prior order of the same court and Justice, entered January 3, 2006, granting the motion of defendants Guy Hilarion and Jean Pierre seeking summary judgment dismissing the complaint as against them, and, upon reargument, denied the motion, unanimously modified, on the law, to the extent of dismissing plaintiff's claims premised on the "serious injury" categories of permanent loss of use of a body member, permanent consequential limitation of use of a body member, significant limitation of use of a body member and 90/180-day curtailment of activities, and otherwise affirmed, without costs.

Defendants Hilarion and Pierre submitted the detailed affirmation of an orthopedist who opined, among other things, that plaintiff sustained no "accident related orthopedic disability" and that the cervical and shoulder injuries she sustained as a result of the accident had resolved. Accordingly, these defendants made a prima facie showing of entitlement to judgment as a matter of law dismissing plaintiff's claims under the "serious injury" categories of permanent loss of use of a body member, permanent consequential limitation of use of a body member, significant limitation of use of a body member and 90/180-day curtailment of activities. In opposition, plaintiff failed to raise a triable issue of fact with respect to any of these categories. Notably, the medical report of plaintiff's orthopedic surgeon* is vague and conclusory on the issues of causation and the severity and permanency of plaintiff's injuries (*see e.g. Hernandez v Lopez*, 9 AD3d 300 [2004]; *see also Cantanzano v Mei*, 11 AD3d 500 [2004]).

Hilarion and Pierre, however, failed to address plaintiff's claim of "serious injury" under the significant disfigurement category. In light of this failure, denial of that aspect of the motion of Hilarion and Pierre for summary judgment dismissing that claim as asserted against them is required (*see Onder v Kaminski*, 303 AD2d 665 [2003]; *Judd v Walton*, 259 AD2d 1016 [1999]; *Spoth v Clark*, 148 AD2d 953 [1989]), regardless of the

---

* Supreme Court providently exercised its discretion in granting plaintiff's motion to reargue and, upon reargument, considering the unaffirmed medical report of plaintiff's orthopedic surgeon. Plaintiff proffered a reasonable excuse for her failure to submit the report in admissible form (*see Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1068 [1979]).

sufficiency of plaintiff's papers. Moreover, we are foreclosed from searching the record and evaluating that claim since it was not addressed in either the motion of Hilarion and Pierre or the cross motion of the nonappealing Fried defendants (*see Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]). Concur—Gonzalez, J.P., Sweeny, McGuire, Malone and Kavanagh, JJ.