■ Mahmood Yoonessi et al., Respondents, v Debra L. Givens, Appellant. [836 NYS2d 388]—

Appeal from an order of the Supreme Court, Erie County

(Frank A. Sedita, Jr., J.), entered June 2, 2006 in a personal injury action. The order denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion in part and dismissing the complaint, as amplified by the bill of particulars, with respect to the fracture, permanent loss of use of a body organ, member, function or system, and 90/180 categories of serious injury within the meaning of Insurance Law § 5102 (d) and as modified the order is affirmed without costs.

Memorandum: In this action commenced by plaintiffs to recover damages for injuries allegedly sustained by Mahmood Yoonessi (plaintiff) in an automobile accident, defendant appeals from an order denying her motion for summary judgment seeking dismissal of the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). We note at the outset that plaintiffs have abandoned the fracture and permanent loss of use categories of serious injury set forth in their bill of particulars (*see Parkhill v Cleary*, 305 AD2d 1088, 1090 [2003]; *Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]), and we therefore modify the order accordingly (*see Robinson v White*, 6 AD3d 1059 [2004]).

Supreme Court properly denied defendant's motion insofar as the complaint, as amplified by the bill of particulars, alleges that plaintiff sustained a serious injury to his cervical spine under the permanent consequential limitation of use and significant limitation of use categories of serious injury. Although defendant met her burden by submitting competent medical evidence establishing that plaintiff did not sustain a serious injury under those categories (*see Chunn v Carman*, 8 AD3d 745, 746 [2004]; *Dongelewic v Marcus*, 6 AD3d 943, 943-944 [2004]; *Zeigler v Ramadhan*, 5 AD3d 1080, 1082 [2004]), plaintiffs raised triable issues of fact with respect to those categories by presenting the requisite "competent medical evidence based upon objective medical findings and diagnostic tests" (*Barbagallo v Quackenbush*, 271 AD2d 724, 725 [2000]; *see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350-351 [2002]). Moreover, although defendant established that plaintiff's condition was preexisting and was not exacerbated by the accident (*see Franchini v Palmieri*, 1 NY3d 536, 537 [2003]; *Shaw v Looking Glass Assoc., LP*, 8 AD3d 100, 102-103 [2004]), plaintiffs raised a triable issue of fact with respect to causation (*see Chunn*, 8 AD3d at 746-747 [; *Millick v Whatman*, 253 AD2d 996 [1998]).

We conclude, however, that the court erred in denying

defendant's motion insofar as the complaint, as amplified by the bill of particulars, alleges that plaintiff sustained a serious injury under the 90/180 category, and we therefore further modify the order accordingly. Defendant met her burden by establishing that plaintiff was not limited or impaired in carrying out substantially all of his customary daily activities, but rather was able to continue functioning in a full and unrestricted manner following the accident (*see Thompson v Abbasi,* 15 AD3d 95, 96-97 [2005]; *Chunn,* 8 AD3d at 746; *Byrnes v Hertz Corp.,* 278 AD2d 867 [2000]), and plaintiffs failed to raise a triable issue of fact (*see Stevens v Homiak Transp., Inc.,* 21 AD3d 300, 301 [2005], *lv denied* 6 NY3d 701 [2005]; *Oribamie v Santiago,* 12 AD3d 250 [2004], *lv denied* 4 NY3d 711 [2005]; *Byrnes,* 278 AD2d 867 [2000]). Present—Scudder, P.J., Smith, Centra, Fahey and Pine, JJ.