■ ANGEL DeLEON, Appellant, v RODNEY MONTGOMERY ROSS, SR., et al., Respondents. [844 NYS2d 36]—

Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered July 19, 2006, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants satisfied their burden of establishing prima facie that plaintiff in this motor vehicle accident case had not sustained a "significant impairment" under Insurance Law § 5102 (d), submitting an affidavit and reports from Dr. Crane that concluded there was "no objective evidence of any orthopedic residuals related to the accident of 4/4/03" (see Perez v Hilarion, 36 AD3d 536 [2007]). Plaintiff counters that Dr. Crane's affirmation is deficient, as it failed to show range-of-motion tests that are compared to "the norm." In addition to being improperly raised for the first time on appeal (see Vasquez v Reluzco, 28 AD3d 365 [2006]), plaintiff's argument is unavailing since an expert's qualitative assessment of a patient's condition may suffice, "provided that the evaluation has an objective basis and compares the plaintiff's limitations to the normal function, purpose and use of the affected body organ, member, function or system" (Toure v Avis Rent A Car Sys., 98 NY2d 345, 350 [2002]). Dr. Crane's report did provide such an objective assessment, clearly comparing plaintiff's diminished range of motion in his right shoulder to the norm. It also provided an objective assessment of plaintiff's diminished range of motion in his cervical and lumbar spine.

The report by plaintiff's expert, Dr. Haque, noted the degenerative conditions identified on plaintiff's October 27, 2003 MRI, yet failed to explain his current findings in light of medical evidence that suggests preexisting degenerative conditions (see Shinn v Catanzaro, 1 AD3d 195, 197 [2003]).

Moreover, plaintiff's so-called gap in treatment was, in reality, a cessation of all treatment. While a cessation of treatment is

not dispositive, a plaintiff who terminates therapeutic measures following the accident, while claiming "serious injury," must offer some reasonable explanation for having done so (*Pommells v Perez*, 4 NY3d 566, 574 [2005]). Here, there was an undisputed, 20-month gap before plaintiff's last examination, beginning 17 months after the accident and continuing until the submission of defendants' motion for summary judgment. By way of explanation, plaintiff offers only the irrelevant claim, unsupported by any documentation from defendants' insurance carrier, that he failed to appear at an independent medical examination scheduled by defendants' insurance carrier because he forgot the date, and was not given an opportunity for a makeup.

Without more, plaintiff's affidavit, stating that he is unable to teach kickboxing or play racquetball or handball, must be viewed as insufficient to establish a serious injury within the meaning of the statute (*see Gjelaj v Ludde*, 281 AD2d 211, 212 [2001]). Concur—Mazzarelli, J.P., Marlow, Sullivan, Gonzalez and McGuire, JJ.