■ Julio C. Fernandez, Appellant, v Aquiles Mercedes, Respondent. [847 NYS2d 16]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered June 30, 2006, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff failed to show that he suffered a "serious injury" within the meaning of Insurance Law § 5102 (d) (*see Licari v Elliott*, 57 NY2d 230 [1982]). Plaintiff alleges soft tissue injuries, but his doctor failed to identify any objective basis for the percentages attributed to the restricted ranges of motion (*see Parreno v Jumbo Trucking, Inc.*, 40 AD3d 520 [2007]), and did not objectively relate the diagnostic findings to plaintiff's current complaints. Indeed, the reviewing radiologist could only state that plaintiff's herniations and disc bulge "may be" related to the subject accident. Absent any description of the objective nature of his findings, plaintiff's doctor's affidavit must be viewed as conclusory and insufficient to establish a serious injury (*see Munoz v Hollingsworth*, 18 AD3d 278, 279 [2005]). Plaintiff's self-serving affidavit, which contradicted his deposition testimony as to his return to work, where he lifts 50-to-80-pound boxes as a meat delivery driver, was insufficient to establish a serious injury (*see Gjelaj v Ludde*, 281 AD2d 211 [2001]; *Hewan v Callozzo*, 223 AD2d 425 [1996]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Friedman, J.P., Sullivan, Buckley and Malone, JJ.