■ Gerald Chmiel, Appellant, v Doris Figueroa, Respondent. [863 NYS2d 316]—

Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered February 1, 2007 in a personal injury action. The order granted the motion of defendant for summary judgment and dismissed the complaint.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the complaint, as amplified by the bill of particulars, with respect to the permanent consequential limitation of use of a body organ or member, significant limitation of use of a body function or system, and significant disfigurement categories of serious injury within the meaning of Insurance Law § 5102 (d) and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries he allegedly sustained when he was struck by a motor vehicle driven by defendant. Defendant moved for

summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and we conclude that Supreme Court erred in granting the motion in its entirety. Although defendant met her initial burden with respect to the permanent consequential limitation of use and significant limitation of use categories of serious injury by establishing that plaintiff's alleged injuries were not causally related to the accident but resulted from a preexisting condition (*see generally Pommells v Perez*, 4 NY3d 566, 580 [2005]), plaintiff raised a triable issue of fact on causation with respect to those categories by submitting objective evidence of his herniated disc as well as his loss of movement resulting from the spinal fusion surgery he underwent following the accident (*see Yoonessi v Givens*, 39 AD3d 1164, 1165 [2007]; *Coleman v Wilson*, 28 AD3d 1198 [2006]; *Vitez v Shelton*, 6 AD3d 1180, 1181-1182 [2004]). We further conclude with respect to the significant disfigurement category of serious injury that defendant failed to meet her initial burden of establishing as a matter of law that plaintiff's surgical scars do not constitute a significant disfigurement (*see Judd v Walton*, 259 AD2d 1016 [1999]). We therefore modify the order accordingly.

We conclude, however, that the court properly granted that part of defendant's motion with respect to the 90/180 category of serious injury. Defendant met her initial burden by establishing that plaintiff was not prevented from performing substantially all of his customary activities during 90 of the first 180 days following the accident (*see Yoonessi*, 39 AD3d at 1165-1166; *Thompson v Abbasi*, 15 AD3d 95, 96-97 [2005]), and plaintiff failed to raise a triable issue of fact (*see Robinson v Polasky*, 32 AD3d 1215 [2006]; *Oribamie v Santiago*, 12 AD3d 250 [2004], *lv denied* 4 NY3d 711 [2005]). Present—Centra, J.P., Lunn, Fahey, Peradotto and Gorski, JJ.