■ HOLLY L. SCHULTZ, Respondent, and ERIC SCHULTZ, Respondent-Appellant, v PENSKE TRUCK LEASING Co., L.P., et al., Appellants, et al., Defendant. [872 NYS2d 844]—

Appeals from an order of the Supreme Court, Genesee County (Robert C. Noonan, A.J.), entered November 21, 2007 in a personal injury action. The order, insofar as appealed from, denied the motion of defendants Penske Truck Leasing Co.,

L.P., Penske Truck Leasing Corporation and Dale Alan Miller seeking partial summary judgment or, in the alternative, severance.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Holly L. Schultz, plaintiff wife, as a result of two motor vehicle accidents. The first accident occurred in January 2004 when the vehicle owned and operated by Eric Schultz, plaintiff husband, collided with a vehicle owned by defendants Penske Truck Leasing Co., L.P. and Penske Truck Leasing Corporation and operated by defendant Dale Alan Miller (collectively, Penske defendants). Plaintiff wife was a passenger in the vehicle driven by plaintiff husband. The second accident occurred in March 2004 when a vehicle in which plaintiff wife was a passenger collided with a vehicle owned and operated by defendant Bryan D. Wright. The Penske defendants appeal from an order that, inter alia, denied their motion seeking partial summary judgment dismissing the causes of actions with respect to the January 2004 accident on the ground that plaintiff wife did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) or, in the alternative, seeking to sever those causes of action from the causes of action with respect to the March 2004 accident. Plaintiff husband also appeals from the order insofar as it denied that part of the motion of the Penske defendants seeking severance, inasmuch as he had joined in the motion as a counterclaim defendant with respect to the January 2004 accident. We affirm.

We conclude that Supreme Court properly denied that part of the motion seeking partial summary judgment dismissing the causes of action with respect to the January 2004 accident. According to plaintiff wife, she sustained a serious injury under the significant disfigurement, permanent consequential limitation of use, and significant limitation of use categories. The Penske defendants met their initial burden on the motion with respect to those categories by submitting an affidavit and report of the physician who examined plaintiff wife at their request. The physician stated in her affidavit and report that the injuries allegedly sustained by plaintiff wife, which ultimately resulted in surgical intervention and a scar, were not causally related to the January 2004 accident but, rather, they were attributable to her degenerative disc disease (see *Fryar v First Student, Inc.*, 21 AD3d 525, 526 [2005]; *Meyers v Bobower Yeshiva Bnei Zion*, 20 AD3d 456 [2005]). We conclude, however, that plaintiffs raised a triable issue of fact precluding summary judgment by submit-

ting objective evidence of plaintiff's C5-6 herniated disc injury (*see Chmiel v Figueroa*, 53 AD3d 1092, 1093 [2008]; *Yoonessi v Givens*, 39 AD3d 1164, 1165 [2007]; *Coleman v Wilson*, 28 AD3d 1198 [2006]). Plaintiffs also submitted evidence raising a triable issue of fact with respect to the resulting scar (*see Cushing v Seemann*, 247 AD2d 891, 892 [1998]). We further conclude that the court did not abuse its discretion in denying that part of the motion seeking severance (*see generally Rapini v New Plan Excel Realty Trust, Inc.*, 8 AD3d 1013 [2004]; *Southworth v Macko*, 294 AD2d 920 [2002]). Present—Scudder, P.J., Martoche, Centra, Fahey and Peradotto, JJ.