# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**784**
**CA 11-00280**
PRESENT: SMITH, J.P., CENTRA, FAHEY, GORSKI, AND MARTOCHE, JJ.

---

LAURA BARRES, PLAINTIFF-RESPONDENT,

V                                                                    MEMORANDUM AND ORDER

DAVID C. RIKER, DEFENDANT-APPELLANT.

---

BURKE, SCOLAMIERO, MORTATI & HURD, LLP, ALBANY (JEFFREY E. HURD OF COUNSEL), FOR DEFENDANT-APPELLANT.

DAVID M. GIGLIO AND ASSOCIATES LLC, UTICA (ALYSSA O'NEIL OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered October 18, 2010 in a personal injury action. The order, insofar as appealed from, denied in part the motion of defendant for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of the motion for summary judgment dismissing the complaint insofar as the complaint alleges that plaintiff sustained a serious injury under the 90/180-day category of serious injury within the meaning of Insurance Law § 5102 (d) and dismissing the complaint to that additional extent and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained while she was a passenger in a vehicle that was struck by a vehicle driven by defendant. It is undisputed that, at the time of the accident, plaintiff was recovering from surgery to her left shoulder, which had been performed approximately one month before the accident. Defendant moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury under any of the categories of Insurance Law § 5102 (d) set forth in the complaint, and Supreme Court granted only that part of the motion with respect to the significant disfigurement category of serious injury. We note at the outset that the only injury addressed by the parties in their motion papers before Supreme Court and on appeal is the alleged injury to plaintiff's left shoulder, despite the fact that the complaint also alleges that plaintiff's hips, legs and cervical spine also were affected. We thus address on appeal only the alleged injury to plaintiff's left shoulder (*see generally Ciesinski v Town of Aurora*, 202 AD2d 984).

With respect to the permanent consequential limitation of use and

significant limitation of use categories of serious injury allegedly sustained by plaintiff, we conclude that the court properly denied those parts of defendant's motion. Whether a limitation of use or function is consequential or significant, that is, important, "relates to medical significance and involves a comparative determination of the degree or qualitative nature of an injury based on the normal function, purpose and use of the body part" (*Dufel v Green*, 84 NY2d 795, 798). Those categories require limitations that are more than " 'minor, mild or slight' " (*Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 353, quoting *Licari v Elliott*, 57 NY2d 230, 236), and the permanency of an injury alone is not sufficient to render it a permanent consequential limitation of use (*see Paolini v Sienkiewicz*, 262 AD2d 1020). Here, there are issues of fact on the record before us with respect to those two categories of serious injury relating to plaintiff's left shoulder. We note in particular that plaintiff testified at her deposition that her left shoulder is dislocated twice a week and that the dislocations are painful, and her treating physician stated in an affidavit that the condition was permanent and that the injury significantly limited her activity level. We reject defendant's conclusory contention that a person experiencing two shoulder dislocations a week suffers only a minor, mild, or slight inconvenience.

We agree with defendant, however, that the court erred in denying that part of his motion with respect to the 90/180-day category of serious injury, and we therefore modify the order accordingly. Plaintiff testified at her deposition that she missed only a few days of school and that her injuries did not affect her school work, and we note in addition that plaintiff's first reported shoulder dislocation after the accident occurred more than 180 days after the accident at issue on appeal (*see generally Chmiel v Figueroa*, 53 AD3d 1092, 1093).

Entered: June 10, 2011                                    Patricia L. Morgan

Clerk of the Court