# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1026**
**CA 11-00423**
PRESENT: CENTRA, J.P., FAHEY, SCONIERS, GREEN, AND MARTOCHE, JJ.

---

MICHAEL J. LOGRASSO AND PATRICIA A. LOGRASSO,
PLAINTIFFS-RESPONDENTS,

V                                          MEMORANDUM AND ORDER

CITY OF TONAWANDA, CITY OF TONAWANDA POLICE
DEPARTMENT AND MICHAEL E. ROGERS,
DEFENDANTS-APPELLANTS.
(APPEAL NO. 1.)

---

WEBSTER SZANYI LLP, BUFFALO (RYAN G. SMITH OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

O'BRIEN BOYD, P.C., WILLIAMSVILLE (STEPHEN BOYD OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County
(Christopher J. Burns, J.), entered May 24, 2010 in a personal injury
action. The order, insofar as appealed from, denied the motion of
defendants for summary judgment and determined that the standard of
ordinary negligence applies.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for
injuries allegedly sustained by Michael J. LoGrasso (plaintiff) when
the vehicle he was driving was struck by a police vehicle driven by
defendant Michael E. Rogers, a detective in defendant City of
Tonawanda Police Department. In appeal No. 1, defendants appeal from
that part of an order denying their motion seeking summary judgment
dismissing the complaint on the ground that the accident occurred when
Rogers was engaged in an emergency operation while proceeding past a
stop sign and as a matter of law did not drive with "reckless
disregard for the safety of others" (Vehicle and Traffic Law § 1104
[e]). According to defendants, Supreme Court erred in determining
that the standard of ordinary negligence applies in this case. In
appeal No. 2, defendants appeal from an order denying their subsequent
motion seeking summary judgment dismissing the complaint on the ground
that plaintiff did not sustain a serious injury as a result of the
accident within the meaning of Insurance Law § 5102 (d).

With respect to the order in appeal No. 1, we conclude that the
court properly denied defendants' motion. "[T]he reckless disregard

standard of care in Vehicle and Traffic Law § 1104 (e) only applies when a driver of an authorized emergency vehicle involved in an emergency operation engages in specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104 (b)" (*Kabir v County of Monroe*, 16 NY3d 217, 220).  Here, Rogers did not in fact proceed past a stop sign, conduct that is exempted from the rules of the road under section 1104 (b), but rather he stopped and looked both ways before he proceeded into the intersection and struck plaintiff's vehicle.  Thus, the court properly concluded that his "injury-causing conduct . . . is governed by the principles of ordinary negligence" (*Kabir*, 16 NY3d at 220), and there are triable issues of fact in the record before us with respect to his alleged negligence (*see Tatishev v City of New York*, 84 AD3d 656, 657).

With respect to the order in appeal No. 2, we conclude that the court properly denied defendants' motion seeking summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury in the accident.  Defendants met their initial burden by submitting evidence that plaintiff's alleged disc injury was related to a preexisting condition (*see Carrasco v Mendez*, 4 NY3d 566, 579-580; *Clark v Perry*, 21 AD3d 1373, 1374).  Plaintiffs, however, raised a triable issue of fact precluding summary judgment by submitting objective medical evidence that plaintiff's alleged C6-C7 herniated disc injury is distinguishable from his preexisting condition and is causally related to the accident (*see Schultz v Penske Truck Leasing Co.*, *L.P.*, 59 AD3d 1119, 1120-1121).

Entered:  September 30, 2011                         Patricia L. Morgan
                                                    Clerk of the Court