Karina K. Acupuncture, P.C., a/a/o Moore Greene Clara, Plaintiff-Appellant,
against
AIG Centennial Ins. Co. Defendant-Respondent.



Plaintiff appeals from an order of the Civil Court of the City of New York, New York County (Lynn R. Kotler, J.), entered December 2, 2014, which granted defendant's motion for summary judgment dismissing the complaint.




Per Curiam.
Order (Lynn R. Kotler, J.), entered December 2, 2014, affirmed with $10 costs.
Defendant-insurer made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that it timely and properly denied plaintiff's no-fault claim. Defendant's submissions included affidavits of employees of the entities which administer its no-fault claims, which detailed their respective office mailing procedures (see Nassau Ins. Co. v Murray, 46 NY2d 828, 829 [1978]; Easy Care Acupuncture, PC v 21st Century Indem. Ins. Co., 50 Misc 3d 127[A], 2015 NY Slip Op 51850[U][App Term, 1st Dept 2015]), and the report of the independent medical examination performed by its chiropractor/acupuncturist, which set forth a sufficient factual basis and medical rationale for the conclusion that there was no need for further acupuncture treatment (see SMB Med., PC v Federal Ins. Co., 47 Misc 3d 155[A], 2015 NY Slip Op 50895[U][App Term, 1st Dept 2015]). Plaintiff's opposition consisting of an attorney's affirmation unaccompanied by any medical evidence or other competent proof was insufficient to raise a triable issue as to medical necessity (see Munoz v Hollingsworth, 18 AD3d 278, 279 [2005]; Henkin v Fast Times Taxi, 307 AD2d 814, 814-815 [2003]).
Plaintiff's specific challenge to defendant's proof of mailing is raised for the first time on appeal and is not properly before this Court (see Diarrassouba v Consolidated Edison Co. of NY Inc., 123 AD3d 525 [2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: March 28, 2016