Rodriguez v First Student, Inc. (2018 NY Slip Op 05093)





Rodriguez v First Student, Inc.


2018 NY Slip Op 05093


Decided on July 6, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


680 CA 17-01547

[*1]VERONICA RODRIGUEZ, PLAINTIFF-RESPONDENT-APPELLANT,
v
FIRST STUDENT, INC., LAIDLAW TRANSIT INC., AND WALTER H. KELLY, DEFENDANTS-APPELLANTS-RESPONDENTS. 






BURDEN, HAFNER & HANSEN, LLC, BUFFALO (PHYLLIS A. HAFNER OF COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS.
SPADAFORA & VERRASTRO, LLP, BUFFALO (JOSEPH A. TODORO OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered January 3, 2017. The order, among other things, granted in part and denied in part the cross motion of plaintiff for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained in a motor vehicle accident that occurred when a school bus operated by defendant Walter H. Kelly and owned by defendant Laidlaw Transit Inc. rear-ended plaintiff's stopped vehicle. Supreme Court denied defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury, denied that part of plaintiff's cross motion for summary judgment on the issue of serious injury and granted that part of plaintiff's cross motion on the issue of negligence. Defendants appeal and plaintiff cross-appeals, and we affirm.
With respect to the appeal and cross appeal, we conclude that defendants established their prima facie entitlement to judgment as a matter of law with respect to the permanent consequential limitation of use, significant limitation of use, significant disfigurement and 90/180—day categories of serious injury asserted by plaintiff. Defendants met their initial burden of proof by submitting competent medical evidence establishing that the accident did not cause any of plaintiff's alleged serious injuries (see generally Toure v Avis Rent A Car Sys., 98 NY2d 345, 352-353 [2002]). Specifically, defendants submitted expert medical reports and plaintiff's medical records demonstrating that plaintiff's alleged pain and injuries were related to preexisting conditions, thus shifting the burden to plaintiff to "com[e] forward with evidence indicating a serious injury causally related to the accident" (Carrasco v Mendez, 4 NY3d 566, 580 [2005]).
In opposition to the motion, plaintiff submitted, inter alia, the affirmation and related medical records of her treating chiropractor, who opined that plaintiff's injuries were entirely caused by the accident and were permanent. Those submissions included imaging studies demonstrating that plaintiff suffered from herniated discs and were "accompanied by objective evidence of the extent of alleged physical limitations resulting from the disc injur[ies]" (Kearse v New York City Tr. Auth., 16 AD3d 45, 49 [2d Dept 2005]), i.e., medical records from plaintiff's treating physicians designating numeric percentages of plaintiff's substantial range of motion losses (see Toure, 98 NY2d at 350). Thus, plaintiff raised an issue of fact with respect to the permanent consequential limitation of use and significant limitation of use categories. Plaintiff [*2]also raised triable issues of fact with respect to the 90/180-day category by submitting objective evidence of a medically determined injury or impairment of a non-permanent nature together with competent evidence that plaintiff's activities were curtailed to a great extent during the relevant time period (see generally Houston v Geerlings, 83 AD3d 1448, 1450 [4th Dept 2011]). We further conclude that whether plaintiff's surgical scar constitutes a serious disfigurement is also an issue of fact (see Langensiepen v Kruml, 92 AD3d 1302, 1303 [4th Dept 2012]; Schultz v Penske Truck Leasing Co., L.P., 59 AD3d 1119, 1121 [4th Dept 2009]).
Contrary to defendants' contention on their appeal, the court properly granted that part of plaintiff's cross motion for summary judgment on the issue of negligence. It is well settled that "a rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle" (Pitchure v Kandefer Plumbing & Heating, 273 AD2d 790, 790 [4th Dept 2000]). Here, plaintiff met her initial burden on the issue of negligence by establishing that her stopped vehicle was rear-ended by Kelly's vehicle and, in opposition, defendants failed to submit the requisite "nonnegligent explanation for the collision" (Ruzycki v Baker, 301 AD2d 48, 49 [4th Dept 2002]). We reject defendants' further contention that the court erred in granting summary judgment on the issue of negligence because plaintiff failed to establish that she was free from culpable conduct with respect to the accident (see Rodriguez v City of New York, — NY3d &mdash, &mdash, 2018 NY Slip Op 02287, *4-5 [2018]).
Entered: July 6, 2018
Mark W. Bennett
Clerk of the Court