██ JAMES M. CHANEY, Respondent, v DEBRA MALONE, Appellant. [773 NYS2d 680]—

Appeal from an order of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered April 17, 2003. The order denied defendant's motion for summary judgment dismissing the complaint in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion in part and dismissing the complaint with respect to the permanent loss of use of a body organ, member, function or system category of serious injury within the meaning of Insurance Law § 5102 (d) and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for personal injuries he allegedly sustained when defendant's vehicle backed up and bumped him twice as he walked behind it, striking him on the left side of his body from his shoulder to his upper thigh. Supreme Court erred in denying that part of defendant's motion for summary judgment dismissing the complaint with respect to the permanent loss of use category of serious injury (see Insurance Law § 5102 [d]). Through the affirmed medical report of her expert physician, defendant met her initial burden of establishing that plaintiff did not lose total use of his cervical or lumbar spine, and plaintiff failed to raise an issue of fact (see Oberly v Bangs Ambulance, 96 NY2d 295, 299 [2001]; Sewell v Kaplan, 298 AD2d 840 [2001]).

The court properly denied that part of defendant's motion with respect to the permanent consequential limitation of use of a body organ or member and significant limitation of use of a body function or system categories of serious injury. Defendant met her initial burden with respect to the permanent consequential limitation of use of a body organ or member category, but plaintiff raised an issue of fact by tendering medical evidence in admissible form containing objective medical findings indicating that plaintiff sustained a qualifying injury, including chiropractic records and an MRI report (see Swauger v White, 1 AD3d 918 [2003]; see also Toure v Avis Rent A Car Sys., 98 NY2d 345, 350 [2002]; Leahey v Fitzgerald, 1 AD3d 924 [2003]). Defendant failed to meet her initial burden with respect to the significant limitation of use of a body function or system category. The opinion of defendant's expert physician, rendered 3½ years af-

ter the accident, fails to demonstrate that plaintiff suffered only a mild, minor or slight limitation of use (*see Stokes v Brown*, 2 AD3d 1373 [2003]). Therefore, we modify the order by granting defendant's motion in part and dismissing the complaint with respect to the permanent loss of use category of serious injury. Present—Pigott, Jr., P.J., Green, Wisner, Hurlbutt and Gorski, JJ.