MARY L. WALKER, Respondent, v VILLAGE OF OSSINING et al., Appellants, et al., Defendants. [796 NYS2d 658]—

In an action to recover damages for personal injuries, the defendants Village of Ossining and David M. Caputo appeal from an order of the Supreme Court, Westchester County (LaCava, J.), entered October 15, 2004, which granted the plaintiff's motion for leave to renew and reargue their prior motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) and vacated its prior order dated June 30, 2004, granting their motion, and denied their motion.

Ordered that the order is affirmed, with costs.

Contrary to the appellants' contention, the Supreme Court providently exercised its discretion in granting the plaintiff leave to renew (*see* CPLR 2221 [e]; *Daniel Perla Assoc. v Ginsberg,* 256 AD2d 303 [1998]).

Further, reargument was appropriate since the appellants failed to make a prima facie showing, upon the original motion, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (see *Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). One medical report submitted by the appellants was unaffirmed and therefore inadmissible (see *Gleason v Huber*, 188 AD2d 581 [1992]; *Pagano v Kingsbury*, 182 AD2d 268, 270 [1992]). A second report, by an acupuncturist, who was not a medical doctor, was inadmissible since it was not in affidavit form (see CPLR 2106; *Norris v Metropolitan Life Ins. Co.*, 116 Misc 2d 296 [1982]). The remaining reports submitted by the appellants were insufficient to show the absence of a serious injury (see *Black v Robinson*, 305 AD2d 438 [2003]; see also *Zavala v DeSantis*, 1 AD3d 354 [2003]; *Gamberg v Romeo*, 289 AD2d 525 [2001]; *Junco v Ranzi*, 288 AD2d 440 [2001]). In light of the appellants' failure to establish a prima facie case, it becomes unnecessary to inquire into the sufficiency, or insufficiency, of the plaintiff's opposition (see *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]; *Mariaca-Olmos v Mizrhy*, 226 AD2d 437 [1996]). H. Miller, J.P., S. Miller, Goldstein, Mastro and Lifson, JJ., concur.