■ LUE INEZ FRYAR, Appellant, v FIRST STUDENT, INC., Formerly Known as RYDER STUDENT TRANSPORTATION SERVICES, INC., et al., Respondents. [800 NYS2d 582]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Dutchess County (Sproat, J.), dated March 2, 2004, which granted the defendants' motions for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), (2) a judgment of the same court entered March 19, 2004, which, upon the order, dismissed the complaint, and (3) an order of the same court dated June 21, 2004, which denied her motion for leave to renew and/or reargue the prior motions for summary judgment.

Ordered that the appeal from the order dated March 2, 2004, is dismissed; and it is further,

Ordered that the appeal from so much of the order dated June 21, 2004, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying leave to reargue; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the order dated June 21, 2004, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the order dated March 2, 2004, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241 [1976]). The issues raised on the appeal from that order are brought up for review and have been considered on appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendants made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accidents (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002];

*Gaddy v Eyler*, 79 NY2d 955 [1992]). The affirmation of the defendants' physician established that the subject accidents neither caused nor exacerbated the condition of the plaintiff's neck or lumbar spine, and that her shoulder condition was degenerative in nature. Furthermore, the plaintiff's emergency room records, submitted by the defendants, demonstrated that she fractured neither a rib nor her thumb (*see Hodges v Jones*, 238 AD2d 962 [1997]).

In opposition, the plaintiff failed to come forward with sufficient evidence to raise a triable issue of fact. As the Supreme Court correctly observed, the plaintiff failed to submit a medical affidavit or affirmation substantiating her claims (*cf. Baron v Murray*, 268 AD2d 495 [2000]). The remainder of the plaintiff's submissions consisted of unsworn medical records, which, even if they had been considered, failed to demonstrate that she had sustained a serious injury in any of the alleged accidents.

The Supreme Court properly denied that branch of the plaintiff's motion which was for leave to renew, since she did not offer a reasonable explanation for her failure to present the purportedly new facts on the prior motion (*see Apicella v Estate of Apicella*, 305 AD2d 622 [2003]; *Williams v Fitzsimmons*, 295 AD2d 342 [2002]). Florio, J.P., Krausman, Crane, Rivera and Fisher, JJ., concur.