■ TERRENCE E. FEGGINS, Respondent, v CAREY A. FAGARD et al., Appellants. [860 NYS2d 346]—

Appeal from an order of the Supreme Court, Niagara County (Frank J. Caruso, J.), entered April 24, 2007 in a personal injury action. The order denied defendants' motion for summary judgment and granted plaintiff's cross motion for partial summary judgment on the issue of negligence.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the complaint, as amplified by the bill of particulars, with respect to the significant disfigurement, fracture, permanent loss of use of a body organ, member, function or system, and permanent consequential limitation of use of a body organ or member categories of serious injury within the meaning of Insurance Law § 5102 (d) and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained when the vehicle he was driving was rear-ended by a vehicle driven by defendant Carey A. Fagard and owned by defendant David A. Bloom. The complaint, as amplified by the bill of particulars, alleges that plaintiff sustained a serious injury. Defendants moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of the five categories of Insurance Law § 5102 (d) specified in plaintiff's bill of particulars. We note at the outset that, in opposition to the motion, plaintiff abandoned his claims of serious injury with respect to three of the five categories, i.e., significant disfigurement, fracture, and permanent loss of use (see *Oberly v Bangs Ambulance*, 96 NY2d 295, 297 [2001]), and we thus conclude that Supreme Court erred in denying defendants' motion with respect to those categories. We therefore modify the order accordingly.

We further conclude that the court erred in denying defendants' motion with respect to the permanent consequential limitation of use category, and we therefore further modify the order accordingly. Defendants established their entitlement to judgment as a matter of law with respect to that category by submitting two affirmed reports of physicians who examined plaintiff at their request. The first report, that of a neurologist, found no "evidence of permanent neurologic deficit secondary to the motor vehicle accident" and, in the second affirmed report, the physician stated that plaintiff would reach pre-

accident neurological status (*see Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *Gonzalez v Green*, 24 AD3d 939, 940 [2005]; *Chaney v Malone*, 5 AD3d 1062 [2004]). In opposition to the motion, plaintiff submitted sworn and unsworn reports of his treating neurosurgeon, uncertified medical records and an affirmed report of a chiropractor. We agree with defendants that the affirmed report of the chiropractor is not in admissible form inasmuch as it was not sworn to before a notary or other authorized official (*see Shinn v Catanzaro*, 1 AD3d 195, 197-198 [2003]). We reject defendants' contention, however, that none of the unsworn reports and uncertified medical records may be considered because they are not in admissible form. Plaintiff may rely on unsworn reports and uncertified medical records if they were submitted by defendants (*see Kearse v New York City Tr. Auth.*, 16 AD3d 45, 47 n 1 [2005]), or were referenced in the reports of physicians who examined plaintiff on their behalf, and submitted the reports of their experts (*see Brown v Achy*, 9 AD3d 30, 32 [2004]). Nevertheless, none of plaintiff's submissions raises a triable issue of fact with respect to the permanent consequential limitation of use category. Those submissions contain no findings with respect to the permanency of plaintiff's injuries and, indeed, the most recent report of plaintiff's treating neurosurgeon notes that plaintiff "was limited to a moderate degree by persistent cervical symptoms," but he failed to address the permanency of those symptoms (*cf. Hoffmann v Stechenfinger*, 4 AD3d 778, 779 [2004]; *Leahey v Fitzgerald*, 1 AD3d 924, 926 [2003]; *Lutgen v Czapla*, 1 AD3d 1036 [2003]).

Finally, we conclude that the court properly denied the motion of defendants with respect to the significant limitation of use category inasmuch as they failed to meet their initial burden of establishing their entitlement to judgment as a matter of law (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The report of the neurologist who examined plaintiff at their request indicated that, based on the CT report, plaintiff sustained a disc herniation at C6/C7 that was mildly compressing the thecal sac and narrowing the neural foramen. In addition, the neurologist noted "a decrease of cervical range of motion of a mild to moderate degree on the right and a moderate to severe decrease on turning to the left," and he characterized a report of plaintiff's treating physician as finding that plaintiff had a "rigid posture and limited range of motion, 50% in all directions." Another physician who examined plaintiff at defendants' request concluded that plaintiff suffered a cervical strain as a result of the accident. Thus, defendants' own submissions raise triable issues of fact whether plaintiff sustained a qualifying injury under the significant limitation of use category

(*see Strong v ADF Constr. Corp.*, 41 AD3d 1209, 1210 [2007]; *Matte v Hall*, 20 AD3d 898, 899 [2005]). In any event, we conclude that plaintiff raised a triable issue of fact in opposition by submitting the report of his treating physician. The physician stated therein that plaintiff "has limited range of motion with 50% in all directions of the cervical spine," and thus plaintiff submitted a quantitative assessment of his decreased range of motion sufficient to defeat the motion with respect to the significant limitation of use category (*see generally Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 352-353 [2002]). Present— Hurlbutt, J.P., Smith, Fahey, Green and Pine, JJ.