■ BRENDA M. SCHADER, Appellant, v NICHOLAS WOYCIESJES, Respondent. [865 NYS2d 177]—

Appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered May 25, 2007 in a personal injury action. The order granted the motion of defendant for summary judgment and dismissed the complaint.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the complaint, as amplified by the bill of particulars, with respect to the significant disfigurement, permanent consequential limitation of use of a body organ or member and significant limitation of use of a body function or system categories of serious injury within the meaning of Insur-

ance Law § 5102 (d) and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries she sustained when the vehicle she was driving was rear-ended by a vehicle driven by defendant. In her bill of particulars, plaintiff alleged that she sustained a serious injury under all of the categories set forth in Insurance Law § 5102 (d) with the exception of death, dismemberment and loss of a fetus. Supreme Court granted defendant's motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of any of the categories alleged by plaintiff. We agree with plaintiff that the court erred in granting the motion with respect to the significant disfigurement, permanent consequential limitation of use and significant limitation of use categories of serious injury, and we therefore modify the order accordingly.

Defendant met his initial burden on the motion with respect to the fracture, permanent loss of use and 90/180 categories of serious injury by submitting plaintiff's medical records, plaintiff's deposition testimony, and the affidavit and affirmed report of the physician who examined plaintiff on defendant's behalf. Defendant thereby established that the injuries allegedly sustained by plaintiff did not qualify as serious injuries under those categories (*see Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]; *see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Defendant also met his initial burden with respect to the three remaining categories inasmuch as defendant's examining physician stated in his affidavit and affirmed report that the alleged injuries under those three categories, which ultimately resulted in surgical intervention and a scar, were not causally related to the accident but instead were attributable to plaintiff's "intrinsic degenerative disc disease" (*see Fryar v First Student, Inc.,* 21 AD3d 525, 526 [2005]; *Meyers v Bobower Yeshiva Bnei Zion,* 20 AD3d 456 [2005]).

In opposition, plaintiff solely addressed the causation issue and therefore failed to raise an issue of fact with respect to the fracture, permanent loss of use and 90/180 categories of serious injury (*see generally Zuckerman,* 49 NY2d at 562). With respect to the remaining three categories, however, we conclude that plaintiff raised an issue of fact concerning causation by submitting the affirmation of her treating physician. According to that physician, plaintiff's symptoms and resulting surgery were in fact causally related to the accident (*see generally Coleman v Wilson,* 28 AD3d 1198, 1198-1199 [2006]; *Millick v Whatman,* 253 AD2d 996, 996-997 [1998]). Inasmuch as defendant

contended only that there was no causation with respect to those three categories of serious injury, under the circumstances of this case it is of no moment that plaintiff did not provide objective medical evidence with respect to those categories in opposition to the motion (*see generally Snow v Harrington,* 40 AD3d 1237, 1238-1239 [2007]). Present—Hurlbutt, J.P., Smith, Centra, Fahey and Gorski, JJ.