■ WANDA E. HARTLEY et al., Respondents, v EVELYN I. WHITE, Appellant. [881 NYS2d 583]—

Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered October 24, 2008 in a personal injury action. The order denied the motion of defendant for summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the complaint, as amplified by the bill of particulars, with respect to the significant disfigurement, permanent loss of use of a body organ, member, function or system, permanent consequential limitation of use of a body organ or member and significant limitation of use of a body function or system categories of serious injury within the meaning of Insurance Law § 5102 (d) and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Wanda E. Hartley (plaintiff) when the vehicle she was driving was struck by a vehicle driven by defendant. Defendant appeals from an order denying her motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). We note at the outset that, in opposition to the motion, plaintiffs abandoned their claims of serious injury with respect to the significant disfigurement and permanent loss of use categories of serious injury (*see Oberly v Bangs Ambulance*, 96 NY2d 295, 297 [2001]; *Feggins v Fagard*, 52 AD3d 1221, 1222 [2008]). We thus conclude that Supreme Court erred in denying the motion with respect to those categories, and we therefore modify the order accordingly.

We further conclude that the court erred in denying the motion with respect to the permanent consequential limitation of use and significant limitation of use categories of serious injury, and we therefore further modify the order accordingly. Defen-

dant established her entitlement to judgment as a matter of law with respect to those categories by submitting the affirmation and report of a physician who examined plaintiff at defendant's request. The physician stated that plaintiff's injuries were attributable to the preexisting degenerative disease in plaintiff's cervical spine and that plaintiff sustained only a temporary aggravation of that condition as a result of the accident (*see e.g. Schader v Woyciesjes*, 55 AD3d 1292, 1293 [2008]; *Chmiel v Figueroa*, 53 AD3d 1092 [2008]; *see generally Carrasco v Mendez*, 4 NY3d 566, 579-580 [2005]). We reject the contention of plaintiffs that they raised a triable issue of fact sufficient to defeat the motion with respect to those categories by submitting the affirmed report of a chiropractor and uncertified medical records of treatment rendered to plaintiff by that chiropractor after the accident. As defendant correctly contends, "the affirmed report of the chiropractor is not in admissible form inasmuch as it was not sworn to before a notary or other authorized official" (*Feggins*, 52 AD3d at 1223; *see Shinn v Catanzaro*, 1 AD3d 195, 197-198 [2003]). We reject defendant's further contention, however, that the chiropractic records are inadmissible. Those records were referenced in the affirmed physician's report submitted by defendant (*see Feggins*, 52 AD3d at 1223). We nevertheless conclude that those records fail to raise a triable issue of fact with respect to the permanent consequential limitation of use and significant limitation of use categories because they do not refute the opinion of the physician who examined plaintiff on defendant's behalf that plaintiff did not sustain an injury under those categories as a result of the accident (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Finally, we conclude that the court properly denied the motion of defendant with respect to the 90/180-day category of serious injury. Although the physician who examined plaintiff on defendant's behalf stated in his affirmation that plaintiff did not sustain a serious injury under that category as a result of the accident, he indicated in both his affirmation and report that plaintiff sustained a temporary aggravation of preexisting degenerative changes in the area of the cervical spine as a result of the accident. Defendant also submitted evidence that plaintiff was unable to engage in her typical "household stuff," knit or regularly ride her bicycle in the six months after the accident. We thus conclude that defendant herself raised a triable issue of fact with respect to the 90/180-day category (*see Pugh v DeSantis*, 37 AD3d 1026, 1030 [2007]; *see generally Zuckerman*, 49 NY2d at 562). Present—Martoche, J.P., Smith, Centra, Fahey and Pine, JJ.