# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**85**

**CA 12-01321**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

MIGUEL A. FONSECA, PLAINTIFF-RESPONDENT,

V                                              MEMORANDUM AND ORDER

DENISE A. CRONK, DEFENDANT-APPELLANT.

---

LAW OFFICE OF KEITH D. MILLER, LIVERPOOL (KEITH D. MILLER OF COUNSEL), FOR DEFENDANT-APPELLANT.

SUGARMAN LAW FIRM, LLP, SYRACUSE (AMY M. VANDERLYKE OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered March 21, 2012 in a personal injury action. The order denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the complaint, as amplified by the bill of particulars, with respect to the permanent loss of use category of serious injury within the meaning of Insurance Law § 5102 (d) and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained in a motor vehicle accident when the vehicle he was driving was rear-ended by a vehicle operated by defendant. Defendant moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and Supreme Court denied the motion. As plaintiff correctly concedes on appeal, there is no evidence that he sustained a serious injury under the permanent loss of use category set forth in his bill of particulars (*see Oberly v Bangs Ambulance*, 96 NY2d 295, 299). We therefore modify the order accordingly.

We reject defendant's contention, however, that the court erred in denying her motion with respect to the remaining categories of serious injury alleged by plaintiff, i.e., permanent consequential limitation of use and significant limitation of use. In support of her motion, defendant asserted that those limitations were the result of a degenerative condition in plaintiff's cervical spine and thus were not causally related to the subject accident (*see generally Pommells v Perez*, 4 NY3d 566, 572). In support of the motion,

defendant submitted plaintiff's medical records in which, inter alia, one examining physician concluded that plaintiff had a normal range of motion and had suffered from a cervical strain or sprain that had resolved, while another examining physician noted substantial limitations in plaintiff's rotation and lateral bend that he concluded were caused by unrelated degenerative changes rather than the subject motor vehicle accident.  We thus conclude that defendant met her burden on the motion, "leaving for plaintiff the burden to present objective medical proof of a serious injury causally related to the accident in order to survive summary dismissal" (*id*. at 574).  In opposition to defendant's motion, plaintiff submitted the affidavit of his orthopedist, who opined that plaintiff "had a herniated disc at C6-7 which protruded to the extent it came in contact with and flattened the spinal cord," which "herniated disc was, . . . to a reasonable degree of medical certainty, caused by the accident of March 5, 2007."  "It is well established that 'conflicting expert opinions may not be resolved on a motion for summary judgment' " (*Pittman v Rickard*, 295 AD2d 1003, 1004; *see Williams v Lucianatelli*, 259 AD2d 1003, 1003).  Thus, contrary to defendant's contention in support of her motion, plaintiff raised a triable issue of fact whether there was a causal relationship between plaintiff's limitations and the subject accident.

Entered:  March 15, 2013                    Frances E. Cafarell
                                            Clerk of the Court