# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**999**

**CA 13-00066**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

LEONARD EDWARDS, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DONALD DEVINE AND CATHOLIC DIOCESE OF BUFFALO,
ALSO KNOWN AS ROMAN CATHOLIC DIOCESE OF BUFFALO,
DEFENDANTS-APPELLANTS.

---

DAMON MOREY LLP, BUFFALO (KARA M. ADDELMAN OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

TERRANCE C. BRENNAN, BUFFALO, FOR PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered May 16, 2012. The order, inter alia, denied the motion of defendants for summary judgment dismissing the complaint and granted the cross motion of plaintiff for bifurcation of the trial.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting defendants' motion in part and dismissing the complaint insofar as the complaint, as amplified by the bill of particulars, alleges that plaintiff sustained a serious injury to his neck and back under the permanent consequential limitation of use and significant limitation of use categories of serious injury within the meaning of Insurance Law § 5102 (d) and that plaintiff sustained a serious injury under the significant disfigurement and 90/180-day categories of serious injury within the meaning of section 5102 (d), and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained when the vehicle in which he was a passenger was rear-ended by a vehicle driven by defendant Donald Devine and owned by defendant Catholic Diocese of Buffalo, also known as Roman Catholic Diocese of Buffalo. Plaintiff alleged that, as a result of the motor vehicle accident, he sustained injuries to his neck, back and shoulder. Defendants moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of the significant disfigurement, permanent consequential limitation of use, significant limitation of use, and 90/180-day categories of serious injury as defined in Insurance Law § 5102 (d). Plaintiff cross-moved for bifurcation of the trial. Supreme Court denied the motion and granted the cross

motion.  Defendants appeal.

     With respect to the motion, we note at the outset that, contrary
to defendants' contention, the court did not abuse its discretion in
considering the papers submitted by plaintiff in opposition to the
motion even though they were not timely served.  Plaintiff offered a
valid excuse for the brief delay, and defendants were not prejudiced
by the late service inasmuch as they were able to submit a reply
affidavit (*see* CPLR 2004, 2214 [c]; *Bucklaew v Walters*, 75 AD3d 1140,
1141; *see also Payne v Buffalo Gen. Hosp.*, 96 AD3d 1628, 1629).
Regarding the merits, we conclude that defendants met their initial
burden on the motion with respect to the asserted categories of
serious injury by offering " 'persuasive evidence that plaintiff's
alleged pain and injuries were related to a preexisting condition' "
(*Kwitek v Seier*, 105 AD3d 1419, 1420, quoting *Carrasco v Mendez*, 4
NY3d 566, 580).  For example, defendants submitted the report of a
physician who examined plaintiff on behalf of defendants, wherein the
physician concluded that plaintiff suffered only minor strains and
sprains as a result of the accident and that plaintiff had since
recovered from those injuries.

     We further conclude that plaintiff's submissions in opposition to
the motion failed to raise triable issues of fact whether plaintiff's
neck or back injuries were causally related to the accident at issue,
and we therefore modify the order by granting defendant's motion to
the extent that plaintiff's action is predicated on those injuries.
Although plaintiff submitted the affidavit of the physician who
treated him for his back and neck injuries, that affidavit was "purely
speculative and thus insufficient to raise an issue of fact as to
causation" because the physician began treating plaintiff after the
accident and "did not review plaintiff's pre-accident medical records"
(*id.* at 1421).  Additionally, while plaintiff reported to the
physician that he did not have any preexisting cervical spine
problems, that statement is belied by the evidence in plaintiff's
medical records that he had a history of extensive degenerative disc
disease and spondylosis that predated the accident.

     Plaintiff also failed to raise a triable issue of fact whether,
as a result of the accident, he sustained a serious injury to his
shoulder under the significant disfigurement and 90/180-day
categories, and we therefore further modify the order by granting
defendants' motion to that extent.  Regarding the significant
disfigurement category, defendants met their burden of establishing
that the scar on plaintiff's shoulder was the result of surgery that
predated the accident, and plaintiff failed to submit proof that the
surgery he alleges was necessary because of the accident exacerbated
the scar (*see Kilmer v Strek*, 35 AD3d 1282, 1282-1283).  Regarding the
90/180-day category, plaintiff failed to submit any evidence
demonstrating that his usual and customary daily activities were
curtailed as a result of shoulder injuries sustained in the subject
accident and not as a result of his preexisting shoulder injuries (*see
generally LaBeef v Baitsell*, 104 AD3d 1191, 1192).

We conclude, however, that the court properly denied the motion with respect to the permanent consequential limitation of use and significant limitation of use categories insofar as they related to plaintiff's shoulder injury because plaintiff raised a triable issue of fact whether the accident caused him to sustain a serious injury to his shoulder under those categories.  In opposition to the motion, plaintiff submitted the affidavit of the physician who treated him for his shoulder injuries both before and after the accident, wherein the physician opined that the accident caused pain and joint problems in his right shoulder, requiring continuing treatment and surgery.  "It is well established that conflicting expert opinions may not be resolved on a motion for summary judgment" (*Fonseca v Cronk*, 104 AD3d 1154, 1155 [internal quotation marks omitted]).  We therefore conclude that plaintiff raised a triable issue of fact whether there was a causal relationship between plaintiff's shoulder limitations and the subject accident.

With respect to the cross motion, we conclude that, contrary to defendants' contention, the court properly ordered that the trial be bifurcated.  Because liability encompasses both the issues of negligence and serious injury (*see Ruzycki v Baker*, 301 AD2d 48, 51), however, we note that plaintiff's request on the cross motion to "try [the] liability aspect of the case" before the "medical testimony" was in fact a request to try the issues of negligence before the issue of serious injury.  The court properly granted the cross motion.  "Judges are encouraged to order a bifurcated trial . . . where it appears that bifurcation may assist in a clarification or simplification of issues and a fair and more expeditious resolution of the action" (22 NYCRR 202.42 [a]) and, here, separating the issue of negligence from the issues relating to the medical testimony will simplify those issues.

Entered:  November 15, 2013                    Frances E. Cafarell
                                               Clerk of the Court