Pugsley Chiropractic PLLC, a/a/o Andrew Michael, Plaintiff-Appellant, - 
against
Merchants Preferred Ins. Co., Defendant-Respondent.



Plaintiff appeals from an order of the Civil Court of the City of New York, New York County (Tanya R. Kennedy, J.), entered November 12, 2014, which granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment.




Per Curiam.
Order (Tanya R. Kennedy, J.), entered November 12, 2014, modified to deny defendant's motion for summary judgment and to reinstate the complaint; as modified, order affirmed, without costs.
Defendant's motion for summary judgment dismissing this first-party no-fault action on the ground of lack of medical necessity should have been denied. The independent medical examination (IME) report of defendant's chiropractor/acupuncturist, one Antoinette Perrie, was not in admissible form and should not have been considered. The report erroneously identified Dr. Perrie as a licensed "physician" (see Paul-Austin v McPherson, 111 AD3d 610 [2013]), and was denominated as an affirmation purportedly made under the authority of CPLR 2106. However, neither a chiropractor nor an acupuncturist may affirm the contents of a medical report pursuant to CPLR 2106 (see Walker v Village of Ossining, 18 AD3d 867, 868 [2005]; Shinn v Catanzaro, 1 AD3d 195, 197 [2003]). Nor was the report shown to have been properly "sworn to" before a notary or other authorized official (see Hartley v White, 63 AD3d 1689, 1690 [2009]; Feggins v Fagard, 52 AD3d 1221, 1223 [2008]; see also Gleason, Practice Commentaries, McKinney's Cons. Laws of NY, Book 7B, C2106:4. P 609-610).
Plaintiff's cross motion for summary judgment was properly denied, since it failed to establish, prima facie, that its claims were overdue, i.e., that its claims were not "denied or paid" within the prescribed 30-day period (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 507 [2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 17, 2016