# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

850
CA 15-01585
PRESENT: WHALEN, P.J., CENTRA, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

CLAUDETTE E. STRUZIK, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

GLADYS FULLINGTON AND BRYANT L. FULLINGTON,
DEFENDANTS-RESPONDENTS.
(ACTION NO. 1.)
-------------------------------------------
CLAUDETTE E. STRUZIK, PLAINTIFF,

V

SHAWN A. GAJEWSKI, DEFENDANT.
(ACTION NO. 2.)

PAUL WILLIAM BELTZ, P.C., BUFFALO (WILLIAM A. QUINLAN OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

BOUVIER PARTNERSHIP, LLP, BUFFALO (NORMAN E.S. GREENE OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County
(Christopher J. Burns, J.), entered April 27, 2015. The order granted
the motion of defendants Gladys Fullington and Bryant L. Fullington
for summary judgment dismissing the complaint against them.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: In this action by plaintiff to recover damages for
injuries allegedly sustained in a motor vehicle accident, plaintiff
appeals from an order granting the motion of Gladys Fullington and
Bryant L. Fullington (defendants) for summary judgment dismissing the
complaint against them. We note at the outset that, in opposition to
the motion and on this appeal, plaintiff has abandoned all of her
claims of serious injury except those alleging a permanent
consequential limitation of use or a significant limitation of use
(*see generally Hartley v White*, 63 AD3d 1689, 1689; *Harris v Carella*,
42 AD3d 915, 915-916).

Supreme Court properly granted defendants' motion. By submitting
plaintiff's deposition testimony and the affirmation of an orthopedic
surgeon who examined plaintiff, defendants established as a matter of
law that plaintiff did not sustain a serious injury as a result of the

subject accident.  Those submissions established that plaintiff's injuries were preexisting conditions attributable to either degenerative processes or a prior unrelated motor vehicle accident (*see Hartman-Jweid v Overbaugh*, 70 AD3d 1399, 1400; *see generally Carrasco v Mendez*, 4 NY3d 566, 578-580).  In opposition to the motion, plaintiff failed to raise a triable issue of fact (*see Hartley*, 63 AD3d at 1690; *Zeigler v Ramadhan*, 5 AD3d 1080, 1082; *Sewell v Kaplan*, 298 AD2d 840, 840-841).  Indeed, plaintiff's submission of MRI reports and the notes of her treating chiropractor confirm that the subject accident did not cause any new injury or exacerbate any preexisting injury, thereby refuting the conclusory opinion of the chiropractor in his affidavit (*see generally Edwards v Devine*, 111 AD3d 1370, 1371-1372; *Kwitek v Seier*, 105 AD3d 1419, 1421).

Entered:  October 7, 2016                          Frances E. Cafarell
                                                  Clerk of the Court