Savilo v Denner (2019 NY Slip Op 01972)





Savilo v Denner


2019 NY Slip Op 01972


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND WINSLOW, JJ.


1250 CA 18-00510

[*1]VASILIY SAVILO, PLAINTIFF-RESPONDENT,
v
RICKY S. DENNER, DEFENDANT-APPELLANT. 






BARTH SULLIVAN BEHR, BUFFALO (BRENDAN S. BYRNE OF COUNSEL), FOR DEFENDANT-APPELLANT.
FEROLETO LAW, BUFFALO (JOEL FEROLETO OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order and judgment (one paper) of the Supreme Court, Oneida County (Bernadette T. Clark, J.), entered November 17, 2017. The order and judgment, insofar as appealed from, granted the motion of plaintiff insofar as it sought summary judgment on the issue of serious injury. 
It is hereby ORDERED that the order and judgment insofar as appealed from is unanimously reversed on the law without costs and the motion is denied in part with respect to the issue of serious injury within the meaning of Insurance Law § 5102 (d).
Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained as a result of a motor vehicle collision. Defendant appeals, as limited by his brief, from those parts of an order and judgment that granted plaintiff's motion insofar as it sought summary judgment on the issue whether plaintiff sustained a serious injury under the permanent consequential limitation of use, the significant limitation of use, and the 90/180-day categories within the meaning of Insurance Law § 5102 (d). We reverse the order and judgment insofar as appealed from.
We conclude that plaintiff failed to meet his initial burden of establishing that he sustained a serious injury under the permanent consequential limitation of use and significant limitation of use categories that was causally related to the accident (see generally Autiello v Cummins, 66 AD3d 1072, 1073 [3d Dept 2009]; McHugh v Marfoglia, 65 AD3d 828, 828-829 [4th Dept 2009]) inasmuch as plaintiff's own submissions raise triable issues of fact (see generally Schaubroeck v Moriarty, 162 AD3d 1608, 1609 [4th Dept 2018]). Here, although plaintiff submitted the affidavit of his chiropractor, who opined that plaintiff had sustained a serious injury of a permanent nature that was caused by the accident, i.e., herniated discs, plaintiff also submitted the report of defendant's medical expert, an orthopedic surgeon, who opined that plaintiff merely sustained spinal sprains and strains that had resolved and that plaintiff did not sustain a serious injury as the result of the accident. Additionally, plaintiff submitted the report of the radiologist who interpreted plaintiff's MRI, wherein the radiologist opined that plaintiff had disc herniations associated with "mild facet joint hypertrophy," a degenerative disc condition. "It is well established that conflicting expert opinions may not be resolved on a motion for summary judgment" (Fonseca v Cronk, 104 AD3d 1154, 1155 [4th Dept 2013] [internal quotation marks omitted]; see Crutchfield v Jones, 132 AD3d 1311, 1311 [4th Dept 2015]; Edwards v Devine, 111 AD3d 1370, 1372 [4th Dept 2013]). Further, a plaintiff may not recover under the permanent consequential limitation of use and significant limitation of use categories where there is " persuasive evidence that plaintiff's alleged pain and injuries were related to a preexisting condition' " (Kwitek v Seier, 105 AD3d 1419, 1420 [4th Dept 2013], quoting Carrasco v Mendez, 4 NY3d 566, 580 [2005]). Although plaintiff submitted a decision of the Social Security Administration in which an administrative law judge (ALJ) concluded that, since the date of the accident, plaintiff has a disability within the meaning of the Social Security [*2]Act, that conclusion was based on the ALJ's finding that plaintiff has a degenerative disc disease. We therefore conclude that plaintiff was not entitled to judgment as a matter of law with respect to the permanent consequential limitation of use and significant limitation of use categories.
Plaintiff also failed to meet his initial burden with respect to the 90/180-day category of serious injury. In order to establish a qualifying injury, a plaintiff must demonstrate that he or she sustained " a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment' . . . [T]he words substantially all' should be construed to mean that the person has been curtailed from performing his [or her] usual activities to a great extent rather than some slight curtailment" (Licari v Elliott, 57 NY2d 230, 236 [1982]). A showing that "plaintiff may have missed more than 90 days of work is not determinative" (Amamedi v Archibala, 70 AD3d 449, 450 [1st Dept 2010], lv denied 15 NY3d 713 [2010]; see Blake v Portexit Corp., 69 AD3d 426, 426 [1st Dept 2010]).
Here, although plaintiff's chiropractor opined that plaintiff was disabled from working for more than 90 of the first 180 days following the accident, plaintiff also submitted the chiropractor's treatment notes from the relevant time period, which indicate that plaintiff reported that he "does not have difficulty taking care of [him]self." Plaintiff also submitted notes prepared by the physical therapists with whom he worked during the relevant time, which indicate that plaintiff was able to perform numerous exercises and walk on a treadmill. Consequently, the evidence submitted by plaintiff failed to eliminate all issues of fact with respect to the 90/180-day category (see generally Hartley v White, 63 AD3d 1689, 1690 [4th Dept 2009]).
Inasmuch as plaintiff failed to meet his initial burden of demonstrating entitlement to judgment as a matter of law with respect to the three threshold categories at issue, we conclude that Supreme Court erred in granting that part of the motion seeking summary judgment on the issue of serious injury, regardless of the sufficiency of the opposing papers (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court