Green v Repine (2020 NY Slip Op 04664)





Green v Repine


2020 NY Slip Op 04664


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


367 CA 19-01391

[*1]LINDA LOUISE GREEN, PLAINTIFF-APPELLANT-RESPONDENT,
v
KATHERINE ANNE REPINE AND WAYNE EUGENE REPINE, DEFENDANTS-RESPONDENTS-APPELLANTS. 






O'BRIEN & FORD P.C., BUFFALO (CHRISTOPHER M. PANNOZZO OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT. 
HAGELIN SPENCER LLC, BUFFALO (R.J. PORTER OF COUNSEL), FOR DEFENDANTS-RESPONDENTS-APPELLANTS. 


 Appeal and cross appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered January 16, 2019. The order granted in part and denied in part the motion of defendants for summary judgment and the cross motion of plaintiff for partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking to recover damages for injuries that she sustained in an automobile accident. In her supplemental bill of particulars, plaintiff alleged that she sustained serious injuries to her shoulder, cervical spine, and lumbar spine under the permanent loss of use, permanent consequential limitation of use, significant limitation of use, and 90/180-day categories set forth in Insurance Law § 5102 (d). Defendants moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury, and plaintiff cross-moved for summary judgment on, among other things, the issue of serious injury. Plaintiff now appeals and defendants cross-appeal from an order that, inter alia, denied both defendants' motion and plaintiff's cross motion with respect to the permanent consequential limitation of use, significant limitation of use, and 90/180-day categories of serious injury. We affirm.
Contrary to defendants' contention in their cross appeal, they failed to meet their initial burden on their motion with respect to plaintiff's shoulder injury under the permanent consequential limitation of use and significant limitation of use categories. Although defendants submitted evidence that plaintiff's injuries were caused by a preexisting condition, defendants' submissions " fail[ed] to account for evidence that plaintiff had no complaints of pain prior to the accident' " (Sobieraj v Summers, 137 AD3d 1738, 1739 [4th Dept 2016]; see Barnes v Occhino, 171 AD3d 1455, 1456-1457 [4th Dept 2019]). Contrary to plaintiff's contention on her appeal, she similarly failed to meet her initial burden on her cross motion with respect to her shoulder injury under those categories inasmuch as plaintiff's own submissions raised an issue of fact whether her shoulder injury was the result of a preexisting, degenerative condition (see generally Harris v Campbell, 132 AD3d 1270, 1271 [4th Dept 2015]).
Regarding plaintiff's alleged injury to her lumbar and cervical spine under the significant limitation of use and permanent consequential limitation of use categories, we agree with defendants on their cross appeal that they met their initial burden on their motion by submitting the affirmed report of a physician, who opined that plaintiff suffered from a preexisting, degenerative condition in her spine and did not suffer a traumatic injury as a result of the accident (see generally Jones v Leffel, 125 AD3d 1451, 1452 [4th Dept 2015]; Schader v [*2]Woyciesjes, 55 AD3d 1292, 1293 [4th Dept 2008]). We conclude, however, that plaintiff raised an issue of fact in opposition. Plaintiff submitted objective medical evidence supporting the conclusion that she sustained a serious injury to her lumbar and cervical spine, along with the opinion of a physician who, based upon review of plaintiff's pre-accident and post-accident imaging, concluded that the injury was causally related to the accident and "that any preexisting condition suffered by plaintiff was aggravated by the accident" (Croisdale v Weed, 139 AD3d 1363, 1364 [4th Dept 2016]; see generally Chmiel v Figueroa, 53 AD3d 1092, 1093 [4th Dept 2008]). For the same reasons, we conclude that plaintiff failed to meet her initial burden on her cross motion with respect to the injury to plaintiff's lumbar and cervical spine under the significant limitation of use and permanent consequential limitation of use categories inasmuch as her submissions also included the report of the physician, first submitted by defendants, who opined that plaintiff suffered from a preexisting, degenerative condition in her spine and did not suffer a traumatic injury as a result of the accident.
Contrary to the contentions of both parties, defendants and plaintiff likewise failed to meet their initial burdens on their respective motion and cross motion with respect to whether plaintiff was prevented from "performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than [90] days during the [180] days immediately following the occurrence of the injury or impairment" (Insurance Law
§ 5102 [d]). Although the parties' respective submissions showed that plaintiff was out of work for not less than 90 days during the 180 days immediately following the accident, that is not dispositive of whether plaintiff was prevented from performing "substantially all" of her daily activities (Savilo v Denner, 170 AD3d 1570, 1571 [4th Dept 2019] [internal quotation marks omitted]; see Amamedi v Archibala, 70 AD3d 449, 450 [1st Dept 2010], lv denied 15 NY3d 713 [2010]), and the opinion of plaintiff's physician that plaintiff was "100% disabled" is conclusory (see generally Blake v Portexit Corp., 69 AD3d 426, 426-427 [1st Dept 2010]), and is contradicted by plaintiff's deposition testimony that she was able to perform certain activities and household tasks, albeit with limitation.
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court