Smith v Cousins (2021 NY Slip Op 04821)





Smith v Cousins


2021 NY Slip Op 04821


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, TROUTMAN, AND BANNISTER, JJ.


399 CA 20-01361

[*1]CASSIE SMITH, PLAINTIFF-RESPONDENT,
v
DANIEL COUSINS, DEFENDANT-APPELLANT. 






BENNETT SCHECHTER ARCURI & WILL LLP, BUFFALO (PETER D. CANTONE OF COUNSEL), FOR DEFENDANT-APPELLANT.
MICHAEL STEINBERG, ROCHESTER, FOR PLAINTIFF-RESPONDENT.


 Appeal from an order of the Supreme Court, Monroe County (John J. Ark, J.), entered September 17, 2020. The order denied the motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this action in which plaintiff seeks damages for injuries she allegedly sustained as a result of exposure to lead paint as a child, defendant appeals from an order denying his motion for summary judgment dismissing the complaint. We affirm.
Contrary to defendant's contention, he failed to meet his initial burden on the motion. Although defendant submitted an affidavit in which a defense medical expert opined that plaintiff demonstrated an absence of cognitive deficits or mental health issues causally connected to lead exposure (see generally Hamilton v Miller, 23 NY3d 592, 602-603 [2014]), defendant also submitted a report in which plaintiff's expert opined, based on scientific data and plaintiff's medical history, that plaintiff suffered from cognitive deficits that were most likely caused by childhood lead exposure (see generally Parker v Mobil Oil Corp., 7 NY3d 434, 448-449 [2006], rearg denied 8 NY3d 828 [2007]). "It is well established that conflicting expert opinions may not be resolved on a motion for summary judgment" (Fonseca v Cronk, 104 AD3d 1154, 1155 [4th Dept 2013] [internal quotation marks omitted]). Thus, Supreme Court properly denied defendant's motion regardless of the sufficiency of plaintiff's opposing papers (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
We have considered defendant's remaining contentions and conclude
that they are without merit or rendered academic by our determination.
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court