Stroh v Kromer (2022 NY Slip Op 04450)

Stroh v Kromer

2022 NY Slip Op 04450

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND BANNISTER, JJ.

317 CA 21-01296

[*1]JENNIFER S. STROH, PLAINTIFF-RESPONDENT,
v
KIMBERLY M. KROMER AND MATTHEW R. KROMER, DEFENDANTS-APPELLANTS. 

BURGIO, CURVIN & BANKER, BUFFALO (STEPHANIE MESSINA OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
LAW OFFICE OF DAVID W. POLAK, WEST SENECA (DAVID W. POLAK OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Mark A. Montour, J.), entered June 2, 2021. The order, insofar as appealed from, denied in part the motion of defendants for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in its entirety, and the complaint is dismissed.
Memorandum: Plaintiff commenced this action seeking damages for injuries that she allegedly sustained when her vehicle collided with a vehicle owned by defendant Kimberly M. Kromer and operated by defendant Matthew R. Kromer. In the complaint, as amplified by the bill of particulars, plaintiff alleged that, as a result of the accident, she suffered a serious injury within the meaning of Insurance Law § 5102 (d) under the permanent consequential limitation of use, significant limitation of use, and 90/180-day categories. Defendants moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury that was causally related to the accident. Supreme Court granted the motion with respect to the 90/180-day category, and defendants now appeal from those parts of the order that denied the motion with respect to the permanent consequential limitation of use and significant limitation of use categories. We agree with defendants that the court erred in denying their motion with respect to those categories of serious injury.
"On a motion for summary judgment dismissing a complaint that alleges serious injury under Insurance Law § 5102 (d), the defendant[s] bear[] the initial burden of establishing by competent medical evidence that [the] plaintiff did not sustain a serious injury caused by the accident" (Gonyou v McLaughlin, 82 AD3d 1626, 1627 [4th Dept 2011] [internal quotation marks omitted]). Defendants met their initial burden on the motion "by submitting medical records and reports constituting 'persuasive evidence that plaintiff's alleged pain and injuries were related to . . . preexisting condition[s]' " rather than the instant accident (Spanos v Fanto, 63 AD3d 1665, 1666 [4th Dept 2009]; see Green v Repine, 186 AD3d 1059, 1060-1061 [4th Dept 2020]; French v Symborski, 118 AD3d 1251, 1251 [4th Dept 2014], lv denied 24 NY3d 904 [2014]). In particular, defendants submitted the affirmation and report of a physician who reviewed plaintiff's pre- and post-accident medical records and conducted a medical examination of plaintiff. The physician opined that plaintiff did not sustain a serious injury in the accident at issue, that any continuing pain that plaintiff experienced is related to her preexisting back condition, and that any injuries are degenerative in nature and are not attributable to the accident.
The burden thus shifted to plaintiff "to come forward with evidence addressing defendant[s'] claimed lack of causation" (Pommells v Perez, 4 NY3d 566, 580 [2005]). Plaintiff, however, failed to raise a question of fact inasmuch as her submissions in opposition to the motion "failed to address the manner in which plaintiff's physical injuries were causally related [*2]to the accident in light of [her] past medical history" (Smith v Besanceney, 61 AD3d 1336, 1337-1338 [4th Dept 2009]; see Cohen v Broten, 197 AD3d 949, 950 [4th Dept 2021]). Plaintiff's expert chiropractor did not address plaintiff's pre-accident medical records, and thus failed to account for plaintiff's decreased level of back pain post-accident compared to her pre-accident level of pain, and failed to assess plaintiff's pre- and post-accident qualitative limitations (see Overhoff v Perfetto, 92 AD3d 1255, 1256 [4th Dept 2012], lv denied 19 NY3d 804 [2012]).
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court