Gilbert v Daniels (2023 NY Slip Op 01635)

Gilbert v Daniels

2023 NY Slip Op 01635

Decided on March 24, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, MONTOUR, AND OGDEN, JJ.

990 CA 22-00097

[*1]SHAKIRAH M. GILBERT, PLAINTIFF-APPELLANT,
v
LAUREN E. DANIELS AND KATHRYN M. DANIELS, DEFENDANTS-RESPONDENTS. 

LAW OFFICE OF J. MICHAEL HAYES, BUFFALO (DEANNA D. RUSSELL OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
BURGIO, CURVIN AND BANKER, BUFFALO (JAMES P. BURGIO OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Donna M. Siwek, J.), entered January 11, 2022. The order and judgment granted the motion of defendants for summary judgment and dismissed the amended complaint. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously reversed on the law without costs, the motion is denied, and the amended complaint is reinstated.
Memorandum: In this action to recover damages for injuries allegedly sustained in an automobile accident, plaintiff appeals from an order and judgment that granted defendants' motion for summary judgment dismissing the amended complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law
§ 5102 (d). We reverse.
Initially, we note that plaintiff does not challenge on appeal Supreme Court's conclusion that defendants met their initial burden on the motion with respect to causation and every applicable category of serious injury, and plaintiff therefore has abandoned any issue with respect thereto (see generally Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). We agree with plaintiff, however, that in response to defendants' submissions, she met her burden of "coming forward with evidence indicating a serious injury causally related to the accident" (Pommells v Perez, 4 NY3d 566, 579 [2005]; see Overhoff v Perfetto, 92 AD3d 1255, 1256 [4th Dept 2012], lv denied 19 NY3d 804 [2012]).
We conclude that plaintiff submitted evidence raising triable issues of material fact on the issue of serious injury based on the submissions of her experts, who concluded that there was objective evidence of injury to plaintiff's head, neck, and back (see Gamblin v Nam, 200 AD3d 1610, 1612-1613 [4th Dept 2021]; Snyder v Daw, 175 AD3d 1045, 1046 [4th Dept 2019]).
Further, we conclude that plaintiff's experts raised a triable issue of fact on the issue of causation. With respect to plaintiff's head injury, the expert neurologist reviewed the post-accident MRI of the brain and concluded that the abnormal findings were caused by the accident. Further, with respect to the injuries to plaintiff's neck and back, plaintiff's expert chiropractor specifically "address[ed] the manner in which plaintiff's physical injuries were causally related to the accident in light of [her] past medical history" (Stroh v Kromer, 207 AD3d 1125, 1126 [4th Dept 2022] [internal quotation marks omitted]). In particular, the expert explained that he reviewed the MRI films of each body part taken before and after the accident and concluded that changes evidenced by the post-accident MRI were traumatically aggravated, exacerbated, and caused and contributed to by the subject accident (cf. Stroh, 207 AD3d at 1126; Overhoff, 92 AD3d at 1256). We note that the court erred in concluding that there was no evidentiary value to the chiropractor's comparison of the pre- and post-accident MRI reports; contrary to the court's [*2]assertion, a chiropractor is "competent to render an opinion based on CT or MRI film studies" (Mays v Green, 165 AD3d 1619, 1621 [4th Dept 2018]; see Carpenter v Steadman, 149 AD3d 1599, 1600 [4th Dept 2017]).
Ultimately, this case presents a classic battle of the experts, and "conflicting expert opinions may not be resolved on a motion for summary judgment" (Edwards v Devine, 111 AD3d 1370, 1372 [4th Dept 2013] [internal quotation marks omitted]; see Hines-Bell v Criden, 145 AD3d 1537, 1538 [4th Dept 2016]).
Entered: March 24, 2023
Ann Dillon Flynn
Clerk of the Court