Zynda v Waid (2023 NY Slip Op 05909)

Zynda v Waid

2023 NY Slip Op 05909

Decided on November 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, MONTOUR, GREENWOOD, AND NOWAK, JJ.

848 CA 22-01883

[*1]PAUL D. ZYNDA AND SUSAN ZYNDA, PLAINTIFFS-RESPONDENTS-APPELLANTS,
v
SCOTT E. WAID, PRO TIRE REPAIR, INC., DEFENDANTS-APPELLANTS-RESPONDENTS, ET AL., DEFENDANTS. 

LAW OFFICES OF JOHN WALLACE, BUFFALO (NANCY A. LONG OF COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS. 
ANDREWS, BERNSTEIN, MARANTO & NICOTRA, PLLC, BUFFALO (ANDREW CONNELLY OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS-APPELLANTS. 

 Appeal and cross-appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered November 9, 2022. The order denied the motion of defendants Scott E. Waid and Pro Tire Repair, Inc., for partial summary judgment and denied the cross-motion of plaintiffs for partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Paul D. Zynda (plaintiff) when his motor vehicle was struck by a truck operated by defendant Scott E. Waid and owned by defendant Pro Tire Repair, Inc. (collectively, defendants). Defendants moved for summary judgment dismissing the second amended complaint against them, contending, inter alia, that the emergency doctrine applied and Waid's actions were reasonable under the circumstances and that plaintiff's alleged inguinal hernia was not a serious injury causally related to the accident. Plaintiffs cross-moved for, inter alia, partial summary judgment on liability or, in the alternative, partial summary judgment on the issues of negligence and proximate cause. Supreme Court denied both the motion and the cross-motion. Defendants appeal from the order insofar as it denied their motion and plaintiffs cross-appeal from the order insofar as it denied those parts of their cross-motion seeking partial summary judgment. We affirm.
With respect to their appeal, defendants first contend that the court erred in denying their motion insofar as it sought summary judgment dismissing the second amended complaint against them based on the application of the emergency doctrine. We reject that contention. The emergency doctrine "recognizes that when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context . . . , provided the actor has not created the emergency" (Caristo v Sanzone, 96 NY2d 172, 174 [2001] [internal quotation marks omitted]; see Fox v McClellan, 206 AD3d 1677, 1678 [4th Dept 2022]). "The existence of an emergency and the reasonableness of a driver's response thereto generally constitute issues of fact" (Dalton v Lucas, 96 AD3d 1648, 1649 [4th Dept 2012]; see Rivera v New York City Tr. Auth., 77 NY2d 322, 327 [1991], rearg denied 77 NY2d 990 [1991]; Fox, 206 AD3d at 1678).
Here, we conclude that summary judgment on the basis of the emergency doctrine is not [*2]appropriate because defendants' own submissions raised issues of fact with respect to the reasonableness of Waid's conduct "in light of all the circumstances, including the severely inclement weather" (Sossin v Lewis, 9 AD3d 849, 851 [4th Dept 2004], amended on rearg on other grounds 11 AD3d 1045 [4th Dept 2004]). Similarly, with respect to plaintiffs' cross-appeal, we conclude that the court properly denied the cross-motion insofar as it sought partial summary judgment on negligence. Although plaintiffs established a prima facie case of negligence through evidence that Waid's truck rear-ended plaintiff's stopped vehicle (see Pitchure v Kandefer Plumbing & Heating, 273 AD2d 790, 790 [4th Dept 2000]), in response, defendants raised issues of fact whether Waid was confronted with an emergency situation not of his own making and reacted reasonably (cf. Kizis v Nehring, 27 AD3d 1106, 1108 [4th Dept 2006]; see generally Zbock v Gietz, 145 AD3d 1521, 1522 [4th Dept 2016]).
With respect to their appeal, defendants also contend that the court erred in denying their motion insofar as it sought summary judgment dismissing the second amended complaint against them on the basis that plaintiff's injury was not a serious injury causally related to the accident. We reject that contention. Defendants met their initial burden inasmuch as defendants' expert opined that the accident did not cause plaintiff's weakened inguinal canal floor, but, rather, the weakening was the result of "numerous chronic variables" (see generally Schader v Woyciesjes, 55 AD3d 1292, 1293 [4th Dept 2008]). However, in response, plaintiffs met their "burden of coming forward with evidence indicating a serious injury causally related to the accident" (Pommells v Perez, 4 NY3d 566, 579 [2005]; see Gilbert v Daniels, 214 AD3d 1469, 1469 [4th Dept 2023]). Plaintiff's primary care physician examined plaintiff two days after the accident, concluded that he had a left inguinal hernia, and "specifically address[ed] the manner in which plaintiff's physical injur[y] [was] causally related to the accident in light of [his] past medical history" (Gilbert, 214 AD3d at 1470 [internal quotation marks omitted]; cf. Stroh v Kromer, 207 AD3d 1125, 1126 [4th Dept 2022]).
With respect to plaintiffs' cross-appeal, we conclude, in light of the report of defendants' expert, that the court properly denied the cross-motion insofar as it sought partial summary judgment on the issue whether plaintiff's injury was a serious injury causally related to the accident (see generally Gilbert, 214 AD3d at 1470; Cook v Peterson, 137 AD3d 1594, 1596 [4th Dept 2016]). Ultimately, this case presents a classic battle of the experts, and "conflicting expert opinions may not be resolved on a motion for summary judgment" (Edwards v Devine, 111 AD3d 1370, 1372 [4th Dept 2013] [internal quotation marks omitted]).
Entered: November 17, 2023
Ann Dillon Flynn
Clerk of the Court